1 | **MICHAEL COSENTINO, SBN 83253**
**Attorney at Law**
2 | **P.O. Box 129**
**Alameda, CA 94501**
3 |
**Telephone: (510) 523-4702**
4 |
Attorney for the Plaintiff
5 | United States of America

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

**SI**

10 | UNITED STATES OF AMERICA    )    Case No. 7 MISC
11 |                            )
                Plaintiff,    )    **REGISTRATION OF**
12 |                            )    **FOREIGN JUDGMENT**
13 |                            )
14 |    v.                      )
                               )
15 | MARK WAINWRIGHT,            )
                Defendant.    )
16 | _____)

17 |    To the Clerk of the above-entitled court:

18 |    Please register in your records the attached Certified Copy of Judgment of the

19 | MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT JUDICIAL DISTRICT COUNTY

20 | OF ALAMEDA, STATE OF CALIFORNIA entered on 08-26-93 in case number 536706.

21 | Said judgment was entered in favor of the entitled Plaintiff therein and was assigned to the

22 | United States of America on 09/30/93, by the attached copy of the Assignment of

23 | Judgment.   Registration is authorized by the Health Profession Education Extension

24 | Amendments of 1992, and particularly Section 707(h) (3) thereof [42 USC §292f(h)(3)].

25 |

26 | Dated: May 5, 2008

MICHAEL COSENTINO
27 | Attorney for Plaintiff
United States of America
28 |

- 214-704

STEVEN A. BOOSKA #107899
582 MARKET STREET, 17th Floor
SAN FRANCISCO, CA 94104
(415) 397-4345

I CERTIFY THIS TO BE A CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE
THERESA BELTRAN
CLERK/ADMINISTRATOR OF MUNICIPAL COURT, OAKLAND-PIEDMONT-EMERYVILLE JUDICIAL DISTRICT, COUNTY OF ALAMEDA, STATE OF CALIFORNIA

BY: _____ C. DeMello

DEPUTY CLERK
FEB 2 1996

## MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT JUDICIAL DISTRICT
## COUNTY OF ALAMEDA, STATE OF CALIFORNIA

STUDENT LOAN MARKETING

..................................................................................

Plaintiff(s)

vs.

MARK WAINWRIGHT, et al.,

..................................................................................

Defendant(s)

(Abbreviated Title)

No.  536706

JUDGMENT

JACK GIFFORD

Department \14

Judge

This cause came on for hearing this day at the request of plaintiff(s) appearing by attorney(s)

The defendant(s) hereinafter named having been personally served with summons and copy of complaint, having failed to appear and answer the complaint within the time allowed by law and in said summons specified, and the default of said defendant(s) having been entered;

and the Court having considered the evidence, ordered the following judgment:   It is adjudged that the plaintiff(s)

   STUDENT LOAN MARKETING ASSOCIATION

recover from the defendant(s)

   MARK WAINWRIGHT

the sum of $11,835.26  principal;  $  4,071.94  interest;  $  112.00   costs;  $  0.00       attorney fees.
   TOTAL  $  16,019.20

Minutes of

This judgment was entered on    AUG 1 7 '94

in Minute Book        at Page

GEORGE R. DICKEY, Clerk

By ...................................................................................
                    Deputy Clerk

I certify this to be a true copy of the judgment entered on

the date and in the Minute Book herein set forth.

GEORGE R. DICKEY, Clerk

By ...................................................................................
                    Deputy Clerk

JUDGMENT (Default by Court)

ASSIGNMENT OF JUDGMENT

I, CAROLYN L. HURD, representing Sallie Mae Loan Student Loan Marketing Association/LSC/VA of 365 Herndon Parkway, city of Herndon, county of Fairfax, State of Virginia, in consideration of the sum of $11,835.26, receipt of which is acknowledged, paid to me by the United States of America, the assignee, hereby assign to assignee the judgment, recovered by Sallie Mae Loan Servicing Center/Virginia on 08-26-93, docketed in MUNICIPAL COURT, ALAMEDA COUNTY, CALIFORNIA, Case No. 536706, against MARK WAINWRIGHT for $16,019.20 (amount of judgment, indicating treatment of interest, court costs, and attorney's fees, if appropriate).

Assignor authorizes the United States of America to ask, demand, and receive, and to sue out executions and take all lawful ways for recovery of the money due or to become due on this judgment.

Assignor has not done and will not do anything to hinder or prevent the United States of America from enforcing the judgment.

I have executed this assignment at Loan Servicing Center the 30TH day of SEPTEMBER, 1993.

_Carolyn L. Hurd_

(Signature)

October 4, 1993
\JUDG.MRG